No. 9655.

## MECHANICS AND TRADERS' INSURANCE COMPANY VS. NATHAN GERSON, ET ALS.

When a third person, under color of a pretended sale of immovables by destination subject at the time to a mortgage, unaccompanied by delivery and removal, subsequently, removes them fraudulently and sells and converts the price to his own use, the mortgagee, on establishing the fraud, the insolvency of the debtor and the insufficiency of the remaining mortgaged property to pay the debt, may recover from the third person the price received by him for the property fraudulently removed.

This case compared Weil vs. Lapeyre recently decided and shown to be in accordance with the principles there announced.

APPEAL from the Fifteenth District Court, Parish of Pointe Coupée, *Voist*, J.

*Olivier O. Provosty*, for Plaintiff and Appellant

*Thos. H. Hewes*, Contra.

The opinion of the Court was delivered by

FENNER, J. The gravamen of the petition is that plaintiff held a mortgage for $35,000 on a plantation belonging to George Gerson and, as a legal consequence, on all the immovables by destination attached thereto; that Nathan Gerson, a brother of George, fraudulently colluding with the latter, under color of a pretended sale, illegally removed certain mules and horses from said plantation, shipped them to New Orleans, sold them and pocketed their proceeds; that George Gerson,

the debtor, was insolvent, that the remaining mortgaged property was utterly insufficient to satisfy the debt, and that he, therefore, claims from Nathan Gerson the value of the property thus illegally and fraudulently subtracted from the mortgage security and converted to his use.

The petition presents a perfect cause of action, and all its allegations are sustained by the evidence in the case. A large part of this testimony was excluded by the lower court, but it is embodied in, and brought up with, the bill of exceptions. The ruling of the lower judge was erroneous. Some of the testimony is irrelevant, but discarding that, we find much that is pertinent, and should have been admitted.

The utter insolvency of George Gerson does not admit of dispute.

The insufficiency of the denuded mortgaged property to satisfy the debt is fully established.

The mules and horses, whether bought before or after the date of the mortgage, were bought by George Gerson, attached to the plantation and became subject to the mortgage.

Nathan Gerson admits that he carried to New Orleans twenty-two mules and two horses, sold them, received the proceeds and converted them to his own use.

He founds his claim of right upon a pretended sale which had been made to him by George in 1882, after the date of the mortgage, which is one of the most transparent shams and frauds that ever stared from the face of a record.

George Gerson was insolvent prior to 1882. He had brought his thoroughly impecunious brother from New Orleans to the plantation, and not long afterwards, executed to him a written sale of the mules and horses on the place, besides certain agricultural implements and machinery, at prices named, amounting in the aggregate to $3770, pretended to have been paid in cash. A few days afterwards, Nathan executed a lease of the same mules and horses to George, and so, saving the paper change of title, matters remained *in statu quo.*

The plaintiff's mortgage notes had all matured in 1881, but payment was extended from time to time. In December, 1884, plaintiff sent an agent to the plantation to examine into its condition with a view to determine as to its further renewal.

The agent was received by George Gerson; was shown over the plantation. The buildings, implements, working animals, etc., were exhibited to him, and every thing done to convince him that the plantation was well equipped and in good working order, and the plaintiff's mortgage secure. Much of the conversation took place in the presence

of Nathan, and the agent's impression was that he joined in the representations. When, twenty-five days afterwards, the plaintiff came to foreclose its mortgage, it found the plantation stripped of every movable thing. All the mules and horses had been spirited away; the corn-cribs had been emptied; the horned cattle had been secreted in the woods; the agricultural implements had been removed and sold; even the iron tanks and syrup pumps of the sugarhouse had disappeared.

We have no concern in this case with anything but the mules and horses which Nathan Gerson removed to New Orleans and sold. They were subject to plaintiff's mortgage, to his full knowledge; his pretended title was a sham and fraud, and utterly insufficient to divert the mortgage; the removal was fraudulent. If the mules were in his possession, the plaintiff might still subject them to his mortgage; and, as he has sold them and received the price, he must answer for it to the mortgagee.

We had occasion, in a very recent case, to consider the effect of sale and removal of immovables by destination upon the rights of mortgagees, and we there held that such sale and removal when done in good faith would defeat the mortgage; but we carefully excepted from the operation of that principle, fraudulent acts; and this case presents a conspicuous example of the kind of acts excepted. See 1st Paul Pont, No. 420.

See Weil vs. Lapeyre, not yet reported.

We fix the price received by defendant at two thousand dollars, and judgment must go accordingly.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered, adjudged and decreed that plaintiff recover judgment against defendant, Nathan Gerson, for two thousand dollars with legal interest from judicial demand, and costs in both courts.